# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>-vs-<br><br>LAW EH,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 8:26CR159<br><br>**ORDER ESTABLISHING PARAMETERS FOR DISCOVERY REVIEW** |

THIS MATTER came before the Court on Defendant's Motion for Hearing to Establish Parameters for Review of CSEM Discovery, and the Court having conducted a telephonic hearing on October 22, 2026, and having considered the submissions of the parties and the agreement reached by the parties during that hearing, the Court hereby enters the following Order:

## I. Background

Defendant Law Eh is charged in Count II of the Indictment with possession of child pornography. The discovery includes approximately six files categorized as child abuse material and seventeen additional files categorized as child-exploitative or age-difficult material, maintained by Homeland Security Investigations in Omaha. Defendant is currently incarcerated at the Douglas County Correctional Center ("DCCC"). Defendant's primary language is Karen, and he understands very little English, necessitating the use of a qualified Karen interpreter for any meaningful review of the evidence with counsel. Defendant seeks a controlled opportunity to inspect and review the discovery with defense counsel and does not seek to copy, photograph, download, transmit, reproduce, possess, or remove the material from government custody.

The parties agree that a court-ordered procedure is appropriate to address the time, place, transportation, equipment, security, interpretation, and confidentiality requirements governing the review.

## II. Order

**IT IS HEREBY ORDERED** as follows:

1. **Location of Review.** The discovery review shall take place at the Douglas County Correctional Center ("DCCC"), Omaha, Nebraska. The review shall occur in the attorney/inmate visiting area of the DCCC, specifically in the solitary confinement visiting

room equipped with glass windows that permits visual observation of the inmate and auditory communication through small openings in the glass partition separating the inmate from the visiting area.

2. **Transportation of Discovery.** An officer authorized to transport the discovery material shall personally transport the discovery to the DCCC loaded on a government-issued laptop computer.
3. **Delivery of Laptop to Defense Counsel.** Upon arrival at the DCCC and entry into the attorney visiting area, the authorized officer shall transfer the laptop to defense counsel Joseph L. Howard while the officer maintains full visual observation of Mr. Howard, Mr. Law Eh, an interpreter, and the laptop. The laptop shall remain within the officer's line of sight throughout the entirety of the review session.
4. **Presentation of Discovery to Defendant.** Mr. Howard may display the discovery contained on the laptop to Defendant Law Eh through the glass partition. Mr. Eh shall be positioned on the inmate side of the glass partition, and Mr. Howard shall be positioned on the attorney visiting side. The observing officer shall remain outside the attorney visiting side. Mr. Howard and Mr. Eh may communicate through the small openings in the glass partition separating them.
5. **Confidential Communication.** The officer observing the review shall always maintain full visual observation of Mr. Howard and the laptop through the glass separating him from Mr. Howard. The officer shall not be positioned to hear the communications between Mr. Howard and Mr. Eh. This arrangement shall preserve the confidentiality of attorney-client communication between Mr. Howard and Mr. Eh while ensuring the officer always retains visual custody and control of the discovery
6. **Interpreter.** A certified Karen interpreter shall be permitted to be present in the attorney visiting area with Mr. Howard during the discovery review. The interpreter shall be retained and compensated by the Federal Public Defender's Office. The interpreter shall accurately interpret all communications between Mr. Howard and Mr. Eh during the review session.
7. **Interpreter's Conduct Regarding Discovery.** Mr. Howard and the observing officer shall instruct the interpreter, prior to the commencement of the review, that the interpreter is not

to view the discovery material displayed on the laptop and shall keep his back always turned away from the laptop screen during the review. The interpreter shall comply with these instructions throughout the duration of the session. The interpreter's role is limited to providing accurate interpretation of oral communications between Mr. Howard and Mr. Eh.

8. **Return of Discovery.** Upon conclusion of the review session, Mr. Howard, upon exiting the windowed visitation room, shall immediately return the laptop to the authorized officer. The authorized officer shall retain custody and control of the laptop.
9. **No Reproduction.** No person may copy, photograph, record, download, transmit, duplicate, or otherwise reproduce any of the discovery material at any time during or after the review session.
10. **Scheduling.** The date and time for the discovery review session shall be coordinated and agreed upon by the parties with due regard for the schedule of the authorized officer, the operational requirements of the DCCC, and the availability of the certified Karen interpreter. The parties shall make reasonable efforts to schedule the review promptly.

**IT IS SO ORDERED.**

DATED this 12th day of November, 2026.

HON. MICHAEL D. NELSON
United States Magistrate Judge
District of Nebraska